IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gisele Gray, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>Fulton, Friedman & Gullace, LLP, a )<br>New York, limited liability partnership, )<br>and Asset Acceptance, LLC, a )<br>Delaware limited liability company, )<br>)<br>    Defendants. ) | No.   14 C 80<br><br><br><br><br><br><br><br><u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Gisele Gray, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Gisele Gray ("Gray"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for a Citibank credit card account that

had been bought by a bad debt buyer, Defendant Asset Acceptance.

4. Defendant, Fulton, Friedman & Gullace, LLP ("FFG"), is a New York limited liability partnership, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant FFG operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant FFG was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Asset is a bad debt buyer that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies and law firms, such as Defendant FFG.

7. Defendants FFG and Asset are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants FFG and Asset both conduct extensive and substantial business in Illinois.

8. Moreover, Defendant Asset is licensed as a debt collection agency in the

State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, Asset acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Gray is a disabled woman who, due to various medical issues, fell behind on paying her bills, including one she allegedly owed for a Citibank account. At some point in time after this debt became delinquent, Defendant Asset allegedly bought/obtained this debt, and sought to collect the debt from Ms. Gray through its attorneys, Defendant FFG.

10. Accordingly, on May 5, 2013, Defendants filed a lawsuit against Ms. Gray in a matter styled, <u>Asset Acceptance v. Gray</u>, No. 2013-M1-131739 (Cir Ct. Cook County, Illinois)(the "State Court Lawsuit").

11. In response to this lawsuit, Ms. Gray consulted with the legal aid lawyers at the Debtors Legal Clinic, and on July 22, 2013, Ms. Gray's attorney appeared in court and notified Defendants that Ms. Gray was represented by an attorney and that she would be contesting service of process. The Court in the State Court Lawsuit noted that appearance and continued the case for a status hearing on August 26, 2013. A copy of this Order is attached as Exhibit <u>C</u>.

12. Thereafter, on August 14, 2013, Ms. Gray's attorney filed a Motion to Quash Service of Process, which was served upon Defendants. A copy of this motion is attached as Exhibit <u>D</u>.

13. Nonetheless, Defendants directly sent Ms. Gray a letter, dated August 21, 2013, which falsely stated:

\* \* \*

3

>This is your formal notice that on July 22, 2013, the above referenced matter was continued to August 26, 2013 in court room 1108 of CIRCUIT COURT OF COOK COUNTY FIRST MUNICIPAL DISTRICT CHICAGO Illinois. Failure to appear on the above stated court date may result in a default judgment entered against you. You may contact our office to discuss payment options.

* * *

This letter greatly alarmed Ms. Gray because she thought the matter had not been correctly handled by her legal aid attorneys and that she may have to go to Court, even though she was contesting service. A copy of this letter is attached as Exhibit E.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

<b>COUNT I<br>Violation Of § 1692c(a)(2) Of The FDCPA --<br>Communicating With A Consumer Represented By Counsel</b>

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendants knew that Ms. Gray was represented by counsel in connection with her debts because her attorneys had told Defendants that she was represented by counsel and had sent them a notice of motion on her behalf. By directly sending Ms. Gray a letter, despite being advised that she was represented by counsel, Defendants

violated § 1692c(a)(2) of the FDCPA.

19. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e(5) Of The FDCPA --**
**Making False Statements**

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from taking any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

22. Defendants' August 21, 2013 letter misrepresented the legal status of the debt and threatened to take an action that could not be legally taken when it stated that "Failure to appear on the above stated court date may result in a default judgment entered against you". First, the case was merely set for a status hearing and Ms. Gray's presence was not required. Second, service of process was being contested and had to be resolved before Asset and FFG could move the case forward. Accordingly, Defendants' false statements violated § 1692e of the FDCPA.

23. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gisele Gray, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gray, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gisele Gray, demands trial by jury.

Gisele Gray,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 7, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com